IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSE
WESTERN DIVISION

EDWARD E. BOWDEN

    Plaintiff,

Vs.

UNITED STATES OF AMERICA,
UNITED STATES OF AMERICA d/b/a
MEMPHIS VA MEDICAL CENTER,

    Defendants.

No._____
(JURY DEMANDED)

## COMPLAINT

### INTRODUCTION

This is an action for Healthcare Liability brought pursuant to T.C.A. 29-26-101 et seq. and in compliance with the Federal Tort Claims Act ("FTCA") sections 1346(b) and 2671-2680 title 28, United States Code being brought by Plaintiff, Edward E. Bowden. Mr. Bowden is bringing this action against the Defendants, United States of America and United States of America d/b/a Memphis VA Medical Center, for the violations of the medical standard of care in Shelby County, Tennessee in 2007, consisting of acts and omissions of medical negligence by the medical personnel/staff providing medical care, treatment and services to Edward E. Bowden at the Memphis VA Medical Center. These violations of the medical standard of care occurred in Shelby County, Tennessee in 2007, consisting of acts and omissions of medical negligence that were the direct and proximate cause of the personal injuries, deterioration of health that Mr. Bowden has suffered. The aforementioned violations of the medical standard of care were not discovered until March 17, 2011 when Mr. Bowden was informed by VA Doctors that a portion

of the implanted and subsequently removed Inflatable Penile Prosthesis had been left within the person of Mr. Bowden. Prior to March 17, 2011 and subsequent to September 10, 2007 Mr. Bowden had no reason to know that the cause of his persistent and recurring penile drainage was caused by anything other than the infections which the VA doctors diagnosed. At the time of the alleged acts and omissions giving rise to this Healthcare Liability action, the care providers, including those identified in this Complaint and Initial Affidavit of Donald H. Marks, M.D. Ph.D, filed simultaneously with this Complaint, were employees, agents, servants and representatives of the Defendants, United States of America and United States of America d/b/a Memphis VA Medical Center and provided medical care, treatment and services to said Defendants' patient, Plaintiff, Edward E. Bowden.

## PARTIES, VENUE AND JURSIDICTION

1.  At all times pertinent to this matter Edward E. Bowden was a resident of the State of Tennessee, and a legal citizen of the United States of America. Mr. Bowden is a veteran citizen of the United States of America. Mr. Bowden currently resides at 3708 Taylor's Ville Road, Apartment C-8, Louisville, Kentucky 40220, where he was transferred to because of his work with the VA.

2.  All of the medical care, treatment and services giving rise to this cause of action were provided to Mr. Bowden at the Memphis VA Medical Center and rendered by the medical personnel/staff of said Defendants as set out below and later identified or discovered in the massive medical files, charts and records of Edward E. Bowden maintained by the Defendants' custodians, agents, servants, employees and representatives. Therefore, all medical care and treatment was provided in Memphis, Shelby County, Tennessee.

3.     The Defendant, United States of America is a governmental entity that among other things has taken on the responsibility of providing medical care, treatment and services to its veterans (patients) who have served in the Armed Forces at various medical facilities known as VA Medical Centers and/or VA hospitals.  This Defendant, United States of America d/b/a Memphis VA Medical Center owned and operated the medical facility known as Memphis VA Medical Center at Memphis located in Shelby County, Tennessee and engaged in the business of providing medical care and treatment to its veterans (patients) including Plaintiff, Edward E. Bowden, by employing and contracting physicians, residents, nurses, technicians, assistants, therapists, specialized skilled medical professionals, medical personnel/staff as well as administrative staff.  Therefore, any act or omission of medical negligence on the part of the care providers of Edward E. Bowden, as identified in this Complaint and otherwise discovered and identified from the medical files and/or records of Edward E. Bowden maintained by the Defendants, if they are found to be guilty, should be imputed to the named Defendants, United States of America and United States of America d/b/a Memphis VA Medical Center under the legal theory and/or doctrine of *Respondeat Superior* based on the employee, servant, agent and representative relationship of the medical care providers with the United States of America and United States of America d/b/a Memphis VA Medical Center.  Defendants may be served with service of process as directed on the Summons issued in this Cause.

4.     Plaintiff further alleges that an agency relationship existed between all of the care providers of Edward E. Bowden at the Memphis VA Medical Center with the named Defendants in their duties and responsibilities as the care providers of the veterans (patients) based on the employees, agents, servants, and representatives relationship therefore any act or omission of medical negligence on the part of any one care provider of Edward E. Bowden, if found guilty,

should be imputed to the other care providers, included, but not limited to the care providers identified in this Complaint, under the legal theory and/or doctrine of *Respondeat Superior*.

5. All medical care and treatment applicable to Plaintiff's cause of action against the named Defendants, their agents, servants, employees and representatives being the care providers of Edward E. Bowden occurred at the Memphis VA Medical Center in Shelby County, Tennessee and was provided by the treating medical personnel/staff, employees, agents, servants, and representatives of the United States of America d/b/a Memphis VA Medical Center independently and upon agreement and contract with the Defendants, United States of America and United States of America d/b/a Memphis VA Medical Center.

6. Plaintiff alleges that the kind of personal injuries Edward E. Bowden sustained resulting in his permanent and uncorrectable erectile dysfunction would not have occurred but for the negligence on the part of the Defendants, their agents, servants, employees, representatives, medical personnel/staff, administrative staff and otherwise and that the instrumentality that caused the personal injuries of Edward E. Bowden were in the exclusive control of the named Defendants, United States of America, United States of America d/b/a Memphis VA Medical Center, their agents, servants, employees, representatives, medical personnel/staff, administrative staff including, but not limited to those identified in this Complaint, therefore Plaintiff relies on the legal theory and/or doctrine *Res Ipsa Loquitor*.

7. This Court's venue and jurisdiction is proper based on the original and exclusive jurisdiction conferred by the Federal Torts Claim Act. This is a FTCA claim arising from acts of medical negligence that occurred in Memphis, Shelby County, Tennessee. Additionally, this Complaint is filed pursuant to the Federal Torts Claim Act, Section 1346(b) *et seq* Title 28, United States Code, which provides that a tort claim that is administratively denied may be

presented to a Federal District Court for judicial consideration, and therefore presents a Federal Question. Such a suit must be initiated within six months after the date of the mailing of this notice of final denial as shown by the date of this letter [section 2401(b), Title 28 United States Code]. Plaintiff's claim was denied by the Department of Veterans Affairs, Office of General Counsel in Washington D.C. on February 13, 2013.

8. Plaintiff alleges that this Court has jurisdiction of this Cause pursuant to the Federal Tort Claim Act ("FTCA") Title 28, United States Code Section 1346(b) *et seq* and this Court's pendent or supplemental jurisdiction pursuant to 28 U.S.C. 1367 *et seq*.

9. Plaintiff, Edward E. Bowden, is exercising his right to file suit in accordance with the FTCA, Sections 1346(b) and 2671-2690, title 28 U.S.C., which provides a tort claim that is administratively denied may be presented to a Federal District Court for judicial consideration with said suit to be initiated within six months after the date of the mailing of the notice of final denial.

10. Plaintiff, Edward E. Bowden, has also complied with state law requirements for commencing a Healthcare Liability action by having fully complied with the Medical Malpractice Act, T.C.A. 29-26-121 and T.C.A. 29-26-122, as evidenced by the filing of the appropriate documents and pleadings with the Court. Specifically, pursuant to T.C.A. 29-26-121 a Certificate of Mailing is attached along with the Affidavit of Carolyn Burdette who did the mailing. Additionally, pursuant to T.C.A. 29-26-121 the Affidavit of the Private Process Server is attached. Pursuant to T.C.A. 29-26-122 the Certificate of Good Faith is attached.

11. Plaintiff would further show that the kind of injuries sustained by Mr. Bowden were foreseeable and preventable and would not have occurred except for the acts and omissions of negligence on the part of the named Defendants, their agents, servants, employees and

representatives in their individual and joint medical care and treatment of Edward E. Bowden as set out herein.

12.     This is a Complaint for Healthcare Liability alleging medical negligence on the part of the named Defendants, their agents, servants, employees and representatives, being the care providers of Edward E. Bowden at the Memphis VA Medical Center at Memphis, Shelby County, Tennessee, resulting in the personal injuries, and the deterioration of health that would not have otherwise occurred if not for the negligence on the part of the care providers more fully set out in this Complaint.

## FACTS

13.     As a result of a spinal cord injury at L1 level around 2004, secondary to/of gunshot wound, Mr. Bowden suffered with paraplegia, erectile dysfunction and other health complications.  In December 2006, Mr. Bowden underwent the surgical implantation of an IPP device MSCX 700 style at the VA Medical Center at Memphis.

14.     On or about September 10, 2007, Mr. Bowden presented to the VA Medical Center at Memphis for the surgical removal of the infected and eroded MSCX 700 IPP device, according to the records reviewed. The procedure was performed by attending physician, Dr. Ramini Gade, assisted by resident, Dr. Ledbetter.  The surgical procedure was performed and Mr. Bowden was told by the surgeons, the post-operative care provider and continuing care providers at the VA Medical Center at Memphis that the surgical removal of the IPP device was successful and that the penile device had been removed. However, Mr. Bowden continued to present to the VA Medical Center at Memphis for complaints of penile drainage and infection. During the course of Mr. Bowden's care and treatment for the complaints of penile drainage, he was diagnosed and treated for infections.

15. On or about March 17, 2011, Plaintiff, Edward E. Bowden, was advised that the underlying cause of his continuing infections and/or penile drainage was the result of a piece of the Inflatable Penile Prosthesis ("IPP") device the care providers (surgeons and others) failed to remove on or about September 10, 2007 and their failure to detect the "retained remnant" during the post-operative treatment period and continuing medical care until March 17, 2011.

15. This action is timely filed pursuant to the foreign object exception to the statute of repose and statute of limitations found in T.C.A. 29-26-116 and pursuant to the FTCA. The foreign object exception allows claims for medical negligence to be filed within one year of discovery of the foreign object. Therefore, Mr. Bowden's Federal Tort Claim filed on March 12, 2012 was timely filed under the laws of the State of Tennessee and pursuant to 28 U.S.C. sections 2671-2680 making the United States liable to the extent of a private individual based on the laws of the place of the occurrence.

16. As a result of the extensive scarring and complications from the penile device remnant, Mr. Bowden is no longer a candidate for IPP devices or otherwise to address his erectile dysfunction and will no longer be able to have sexual intercourse. Mr. Bowden underwent the surgical removal of the IPP remnant on April 26, 2011 but was not told of the extensive damage and radical surgery that was required to remove the IPP remnant until he inquired as to when he could schedule a second IPP implant procedure on or about June 1, 2011. He was told by two physicians that the damage was greater than they thought and that due to the extensive surgery he was no longer a candidate for IPP devices.

17. From a review of the medical records, it appears that an Urethrocystogram performed on or about January 28, 2010, presented findings of "6-7 cm stricture within a distal bulbar and proximal urethra adjacent to penile implant remnant; no fistula to scrotum."

However, the findings of "penile implant remnant" on this diagnostic study were never told to Mr. Bowden on this date or thereafter when he continued to report for continuing complaints of infection and penile drainage for which he was treated. Mr. Bowden continued with his treatment for infection and penile drainage without knowledge that a piece of the IPP device was retained in his person, which to his knowledge at this point in time was supposedly completely removed by the surgical procedure on September 10, 2007.

18. The medical records support the fact the Mr. Bowden was not made aware of the IPP remnant being retained. Mr. Bowden bases this fact on the documentation of the Fistulogram report dated March 17, 2011, particularly the history, "patient had infected penile prosthesis removed; ever since has had what appears to be a draining fistula in scrotum…"

19. On or about March 17, 2011, it was documented "scrotal fistula which connects to patient's penile prosthetic device, exists its anterior aspects of this device and then reconstitutes with the entrance point to the fistula tract along the anterior scrotal sac wall. It is further documented that the preliminary report was called to Dr. Bayo Tujuloa on March 17, 2011. This ultrasound was conducted to evaluate Mr. Bowden's presenting complaint of left testicular injury sustained while moving from one wheelchair to another.

20. Plans were made to surgically remove the penile remnant in April 2011. Mr. Bowden was admitted to the VA Medical Center at Memphis on April 22, 2011. On or about April 25, 2011, CT of the abdomen and pelvis were performed with documented findings of "the portion of the patient's penile prosthesis remains." According to the medical records, Mr. Bowden underwent the operative procedure, "removal of retained inflatable penile prosthesis component and excision of corporal cutaneous fistula tract," performed by Dr. Robert Wake assisted by Dr. Justin Kropf and Dr. Bayo Tujuloa. The penile device remnant was removed

using the aid of an Allis clamp. It appears from the medical records that the complete fistulous tract was excised.

21. At no time, prior to June 1, 2011, was Mr. Bowden ever advised as to the degree of the extensive surgery he required and underwent on April 26, 2011 as a result of the extensive scarring and damage caused by the IPP device remnant. The surgery required removal of infected tissue, and blood vessels were damaged resulting in permanent scarring, impairment and being rendered forever and uncorrectable erectile dysfunctional.

## MEDICAL NEGLIGENCE

22. Plaintiff, Edward E. Bowden avers that the Defendants, United States of America, United States of America d/b/a Memphis VA Medical Center, and said Defendants' employees, agents, servants, and representatives being the care providers of Mr. Bowden at Memphis VA Medical Center to include, but not limited to the identified care providers in this Complaint, Dr. Robert Wake, M.D., Dr. Bayo Tujuloa, M.D., Dr. Justin Kropf, M.D., Dr. Ramini Gade, M.D., Dr. Ledbetter, M.D., the Radiology Department, technicians and as otherwise may be determined or discovered from the massive medical records of Edward E. Bowden maintained by the Defendant United States of America d/b/a Memphis VA Medical Center, are guilty of the following acts and omissions of medical negligence which acts and omissions are the direct and proximate cause of the injuries sustained by Edward E. Bowden that would not have otherwise occurred and for which Mr. Bowden seeks relief:

    a. Negligently addressing the continuing and persisting complaints of penile drainage and infections and failure to determine the underlying cause of said complaints being the retained penile device remnant which device was supposed to have been completely removed on or about September 10, 2007.

b.  Negligently performing the surgical removal of the IPP device on September 10, 2007 resulting in the retained IPP device remnant causing extensive scarring and infection requiring extensive surgery on April 26, 2011 resulting in permanent injury to Mr. Bowden and rendering him with forever and uncorrectable erectile dysfunction.

c.  Negligently failing to advise Mr. Bowden of the extensive surgery that was required to remove the IPP remnant on April 26, 2011 barring him forever from being a candidate for subsequent IPP implantation thereby rendering him forever erectile dysfunctional.

d.  Negligently addressing the continuing complaints of Mr. Bowden from September 10, 2007 to March 17, 2011.

e.  Negligently causing the scarring to Mr. Bowden resulting in his permanent penile injury and permanent erectile dysfunction.

f.  Negligently causing the penile drainage, infections and discomfort for the period from September 10, 2007 to March 17, 2011.

g.  Negligently causing the chain of events that resulted in the extensive surgery to remove the retained IPP remnant on April 26, 2011 rendering Mr. Bowden forever erectile dysfunctional.

h.  Negligently causing the permanent scarring and permanent impairing injuries sustained by Mr. Bowden that he would not have otherwise sustained.

## INJURIES AND DAMAGES

23.  As a direct and proximate result of the medical negligence on the part of the named Defendants, United States of America, United States of America d/b/a Memphis VA Medical Center, and said Defendants' employees, agents, servants, and representatives being the care providers of Edward E. Bowden at Memphis VA medical Center to include, but not limited

to the identified care providers in this Complaint, Dr. Robert Wake, M.D., Dr. Bayo Tujuloa, M.D., Dr. Justin Kropf, M.D., Dr. Ramini Gade, M.D., Dr. Ledbetter, M.D., the Radiology Department, technicians and as otherwise may be determined or discovered from the massive medical records of Edward E. Bowden maintained by the Defendant, United States of America d/b/a Memphis VA Medical Center, and others not yet known or identified from the medical records and that may be identified later, Edward E. Bowden, Plaintiff, sustained the following injuries and damages for which Mr. Bowden seeks recovery:

    a.    Emotional pain and suffering from being rendered permanently and irremediably erectile dysfunctional.

    b.    Physical pain and suffering prior to the removal of the retained IPP remnant.

    c.    Loss of Enjoyment of life as a result of being rendered permanently and irremediably erectile dysfunctional.

    d.    For such other, different, general and specific relief, both equitable and legal, as the Court may deem just, fair and proper under the facts and circumstances to which Plaintiff may be entitled.

    e.    The right to amend these pleadings to conform to the proof of this matter at trial.

## RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Edward E. Bowden, files suit against the named Defendants, United States of America, United States of America d/b/a Memphis VA Medical Center and said Defendants' employees, agents, servants and representatives being the care providers of Edward E. Bowden at Memphis VA Medical Center

11

to include but not limited to, the identified care providers in this Complaint, Dr. Robert Wake, M.D., Dr. Bayo Tujuloa, M.D., Dr. Justin Kropf, M.D., Dr. Ramini Gade, M.D., Dr. Ledbetter, M.D., the Radiology Department, technicians and as otherwise may be determined or discovered from the massive medical records of Edward E. Bowden maintained by the Defendant United States of America d/b/a Memphis VA Medical Center, and others not yet known or identified from the medical records and that may be identified later, for compensatory damages in the amount of Two Million Five Hundred Thousand Dollars ($2,500,000.00).

### DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff demands a jury to try the factual issues in this action when joined.

Respectfully submitted this 13th day of August, 2013

_____
Louis P. Chiozza, Jr., BPR # 8871
Attorney for Plaintiff
Law Office of Louis P. Chiozza, Jr. & Associates
230 Adams Avenue
Memphis, Tennessee 38103
Office: (901) 526-9494
Fax: (901) 526-9970
Email: Lou@chiozzalaw.com